UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PIA HOLMES                                    CIVIL ACTION NO. 25-cv-1751

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

SINIMA MUSIC                                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Pia Holmes ("Plaintiff") filed this civil action against Sinima Music in November 2025. She alleged that Sinima wrongfully claimed revenues from or otherwise interfered with a YouTube channel on which she posted musical performances. Plaintiff has been unable to serve the defendant in a timely manner. For the reasons that follow, it is recommended that this civil action be dismissed.

The court issued an order (Doc. 3) soon after the complaint was filed that explained Plaintiff's obligation to serve the defendant with a summons and a copy of the complaint. The order stated that Plaintiff must file evidence of service by February 10, 2026 (90 days after she filed her complaint) and that "[f]ailure to do so may result in dismissal of this civil action." See Fed. R. Civ. Pro. 4(m).

Less than a month later, Plaintiff filed a Motion for Alternative Service by Email (Doc. 4) in which she stated that her efforts at service had been unsuccessful. The court issued an order (Doc. 5) that denied the request because Plaintiff's description of two attempts to make service did not warrant any extraordinary relief with respect to service,

and Plaintiff's reliance on Fed. R. Civ. Pro. 4(f) was misplaced because that rule applies only to serving an individual in a foreign country.

Plaintiff then filed a Revised Motion for Alternative Service by Email (Doc. 6) in which she stated that traditional service is impracticable and, despite exhaustive efforts, she was unable to serve the defendant.  Plaintiff represented that multiple process servers attempted service at addresses listed by the corporate defendant with the Texas Franchise Tax Board and Texas Secretary of State.  People at the locations are said to have reported that the defendant had moved or that the location was vacant.  Plaintiff contended that the defendant's "known email channels are regularly monitored, making email service reasonably calculated to give actual notice."

The court denied Plaintiff's revised motion and noted that, while Federal Rule of Civil Procedure 4 allows for electronic service in a foreign country in certain circumstances, it generally does not allow service within the United States via email unless electronic service is permitted by applicable state law in the state where the federal court is located or the state where service is made.  Fed. R. Civ. Pro 4(e)(1) and 4(h)(1)(A); Joe Hand Promotions, Inc. v. Shepard, 2013 WL 4058745 (E.D. Mo. 2013).  The court found that Plaintiff did not demonstrate that Louisiana or Texas law allow for service by email of a summons and complaint.  The court also noted that Plaintiff's motion included citations to cases that are nonexistent, or the decisions are not found at the citations listed. It appeared that Plaintiff made up legal authorities or relied on AI hallucinations.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice

Page 2 of 4

to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Failure to prosecute provides another grounds for dismissal. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962).

Plaintiff was told early in the case of her obligation to take the necessary steps to serve her complaint and a summons on the corporate defendant's registered agent. She has not requested an extension of time for service. The February 10, 2026 deadline has passed, and Plaintiff has failed to submit service papers or demonstrate good cause for an extension of time. The case cannot move forward without service of process, for which Plaintiff is responsible. Dismissal is warranted for lack of timely service and for failure to prosecute.

Accordingly

It is recommended that this civil action be dismissed without prejudice for failure to make timely service as required by Fed. R. Civ. Pro. 4(m) and for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge